41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Erick L. MOHN, Defendant/Appellant.
 No. 93-2759.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Nov. 1, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Erick L. Mohn appeals the district court's admission of evidence of his prior arrest for possession of cocaine under Federal Rule of Evidence 404(b). We affirm.
 
 
 2
 Officer Ricardo Chavarria, an East Chicago, Indiana police officer, was assigned to investigate allegations of drug dealing and underage alcohol purchases at a local liquor store. On October 30, 1992, Chavarria observed Mohn exchange something with another individual before entering the liquor store. When Chavarria approached Mohn, he fled, discarding his coat. The coat later was found to contain 29 packets of cocaine weighing less than five grams. Mohn was convicted by a jury of possession with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and sentenced to 70 months of imprisonment and six years of supervised release.
 
 
 3
 At trial, the court admitted evidence, over Mohn's objection, that Mohn was arrested on December 18, 1991 for possession of cocaine, ten months before his arrest in this case. The arresting officer, Officer Fernando Villicana, testified as to the specifics of the arrest and Mohn's possession of cocaine.[1] The trial court admitted the evidence on the ground that it was probative of Mohn's intent, motive and lack of mistake, and not admitted to establish his propensity to possess drugs. See Fed.R.Evid. 404(b). As Mohn concedes, the jury was given a limiting instruction at the time the evidence was admitted.[2] We review the district court's admission of evidence for an abuse of discretion. See, e.g., United States v. Koen, 982 F.2d 1101, 1116 (7th Cir.1992); United States v. Connelly, 874 F.2d 412, 415 (7th Cir.1989).
 
 Federal Rule of Evidence 404(b) provides:
 
 4
 Evidence of other crimes, wrongs or acts is not admissible to prove a character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 
 
 5
 Fed.R.Evid. 404(b). This court has established a four-part test governing the admission of evidence under Rule 404(b):
 
 
 6
 (1) the evidence is directed toward establishing a matter in issue other than the defendants' propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue; (3) there is sufficient evidence to support a finding by the jury that the defendants committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.
 
 
 7
 See, e.g., United States v. Levy, 955 F.2d 1098, 1102 (7th Cir.), cert. denied, 113 S.Ct. 102 (1992); United States v. Sullivan, 911 F.2d 2, 6 (7th Cir.1990). Mohn argues that the first and fourth prongs of this test have not been met.
 
 
 8
 The requirement that the evidence be directed toward a matter in issue has been met here. The evidence was not offered to establish Mohn's propensity to commit a narcotics offense but rather was offered to show that Mohn acted with the requisite specific intent. See United States v. Cea, 914 F.2d 881, 887 (7th Cir.1990). Evidence of prior bad acts may be admissible in a case where the defendant is accused of committing a crime with a specific intent if the evidence satisfies the other conditions of admissibility. United States v. Brown, No. 93-3966, slip op. at 6 (7th Cir. Sept. 12, 1994).
 
 
 9
 The law in this circuit holds that 404(b) evidence will always at least be relevant in such cases. Id.; United States v. Leifer, 778 F.2d 1236, 1243 (7th Cir.1985). Here, Mohn's prior act is similar to the criminal activity with which he was charged and took place only ten months prior to the charged offense. In both situations, Mohn possessed more than an amount kept for personal consumption, packaged in individual packets. See United States v. Saunders, 973 F.2d 1354, 1360 (7th Cir.1992) (13 ounces of cocaine, packaged in individual one ounce packets, held to support inference of intent to distribute and not solely for personal consumption); United States v. Garrett, 903 F.2d 1105, 1113 (7th Cir.) (3.5 grams of cocaine found in individual packets, with loaded pistol, held to be a distributable quantity), cert. denied, 498 U.S. 905 (1990). Because the challenged evidence in this case established that Mohn acted with the specific intent to distribute cocaine, we cannot say that the district court abused its discretion in admitting evidence of Mohn's prior act.
 
 
 10
 The fourth prong of the test requires the district court to balance the evidence's probative value against the danger of unfair prejudice. A reviewing court should "accord a trial judge's assessment of the relative probative value and unfair prejudice great deference." Koen, 982 F.2d at 1116. The judge gave the jury a limiting instruction at the time the evidence was admitted. See United States v. Rivera, 6 F.3d 431, 444 (7th Cir.1993) (limiting instruction sufficient to cure any potential prejudice resulting from admission of evidence under 404(b)); United States v. Napue, 834 F.2d 1311, 1325 (7th Cir.1987) (presumption that curative instructions are taken seriously). Because the district court could determine that such an instruction would cure any unfair prejudice, the court did not abused its discretion in admitting the evidence. See Brown, No. 93-3966, slip op. at 8.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Evidence that Mohn pleaded guilty to the possession charge was admitted at trial. Tr. at 127
 
 
 [2]
 The court instructed the jury that "this evidence has been admitted solely as circumstantial evidence as to the motive, intent, and/or the lack of mistake of the defendant on October 30, 1992, and not as evidence that because the defendant committed the early [sic] act, he is guilty of the crime charged here." Tr. at 119